59,557-10
Dewayne Marks Shelton
T.D.C.J. No. 1254161
9691 Spur 591
Amarilla, Tx. 79107

This document contains some
pages that are of poor quality
at the time of imaging.

Date: February 11th, 2015

Mr./Mrs. Abel Acosta, Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

RE: Trial Court No. 962797-F.

Dear, Mr./Mrs. Abel Acosta,

Enclosed is my original Plaintiffs Original Application For
Writ of Mandamus, and I'm requested that you present the
mentioned writ to the court at your earliest convience please.

Sincerly

/S/ Dewayne Marks Shelton

Cause No. 967797-F

# In The
# Court of Criminal Appeals
# Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

In Re Dewayne Marks Shelton,
Relator

VS.

Mr. Chris Daniels, Harris County District Clerk,
In his official Capacity          Respondent

Plaintiff's Original Application for Writ of Mandamus

Dewayne Marks Shelton
T.D.C.J. Id. No. 1254161
W.P. Clements Unit
9601 Spur 591
Amarillo, Texas 79107

## Identification of the Parties

Plaintiff/Relator

Dewayne Marks Shelton
T.R.C.J.-Id. No. 1254161
W.R. Clements Unit
9601 Spur 591
Amarillo, Texas 79107

Defendant:

Mr. Chris Daniel, Clerk
Harris County District Clerk's Office
P.O. Box 4651
Houston, Texas 77210-4651

i

# Tabel of Contents

⇒ Page

Identification of the Parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Tablel of Contents . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . 3

Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . 4-5

Argument . . . . . . . . . . . . . . . . . . . . . . . 5-6

Prayer . . . . . . . . . . . . . . . . . . . . . . . 6

Certification . . . . . . . . . . . . . . . . . . . . . . . 6-7

Appendix . . . . . . . . . . . . . . . . . . . . . . . 8

Order . . . . . . . . . . . . . . . . . . . . . . . 9

# Index of Authorities

Statute:                                                                    Page

Texas Code of Criminal Procedure Article 11.07 Section 3(C) - · · · █ · · 5

iii

In Re Dewayne Marks Shelton        X        In The
T.D.C.J.-I.D. No. 1254161          X
                        Relator.   X        Court of Criminal Appeals
                                   X
                                   X        Austin, Texas
VS.                                X
                                   X
Mr. Chris Daniel, County District Clerk   X
In his Official Capacity           X
                        Respondent X
                                   X

---

## Plaintiff Original Application For Writ of Mandamus

To The Honorable Court of Criminal Appeals

Comes now, Dewayne Marks Shelton, Relator, pro-se in the above styled and numbered cause of action and files this original application for writ of mandamus, pursuant to art. 11.07 section 3 (e) of the Texas Code of Criminal Procedure, and would show the court the following:

## I

### Statement of The Case

On or about date 11-11-03 Relator was re-indicted for the felony offense of possession with intent to deliver a controlled substance, namely, cocaine, under cause No. 967797. The charge Relator entered a plea of not guilty. On date August 9th 2004 the 179th District court found Relator guilty of the charge during a bench trial. The court assessed Relators punishment at 40 years imprisonment in Texas Department of Criminal Justice Institutional Division. Relator then filed his notice of appeal with the court which was affirmed by the Fourteenth Court of Appeals on date 3-28-06 under C.O.A. Case No. 14-04-00777-CR.

On or about date 11-6-04 Relator filed a pre-mature writ of habeas corpus under art. 11.07, Trial Court (Ct.) No. 967797-A, challenging his conviction, which was denied without written order by the Court of Criminal Appeals on or about date 3-9-05 under writ No. WR-59,557-02.

In June, 2006 Relator filed his petition for discretionary review (P.D.R.) but was refused by the Court of Criminal Appeals on date 9-13-06, in Case No. P.D. 0556-06.

On or about date 8-20-07 Relator filed a second writ application art. 11.07 under trial Ct. No. 967797-B, challenging his conviction but it was denied without a written order by the Court of Criminal Appeals on date 1-21-09 under writ No. WR-59,557-03.

On or about date 11-16-07 ~~Relator~~ filed a third writ application which was dismissed, trial Ct. No. 967797-C, Writ No. WR-59,557-04.

On or about date 9-6-11 Relator filed a motion for leave to file a writ application art. 11.07 Section 3(a) accompanied with Relator's forth writ application art. 11.07 under trial Ct. No. 967797-D challenging his conviction, which was dismissed without written order by the Court of Criminal Appeals on or about date 11-2-11 under Writ No. WR-59,557-05.

On or about date 10-9-12 Relator filed a second motion for leave to file writ of habeas corpus art. 11.07 Section 4(a) accompanied with Relator's Fifth writ application art. 11.07, trial Ct. No. 967797-E but was dismissed without a written order by the Court of Criminal Appeals under Writ No. WR-59,557-07 on or about date 3-20-13.

▮▮▮▮ Relator filed another subsequent writ application art. 11.07, trial Ct. No. ▮▮▮▮ 967797-F, dated 7-23-14 which was denied without a written order by the Court of Criminal Appeals under Writ No. WR-59,557-08. ▮▮▮▮ Relator filed a motion for reconsideration/ rehearing which was denied on date 8-8-14 under trial Ct. No. 967797-F.

# II

## Statement of Facts

On or about date 4-4-14 Relator filed his writ application art. 11.07, trial Ct. No. 967797-F, which the state in its original answer declined to entertain, and recommended that the mentioned writ application be dismissed alleging that Relator failed to file the mentioned writ application pursuant to Tex. Code Crim. Proc. Art. 11.07 Section 4(a).

Furthermore, the convicting court in it proposed findings of fact and order dated 4-8-14 agreed with the state and also recommended that Relator's writ application art. 11.07, under trial Ct. No. 967797-F be dismissed alleging that Relator failed to file the mentioned writ application pursuant to Tex. Code Crim. Proc. Art. 11.07 Section 4(a).

Relator later received a white card informing Relator that on date 7-9-14, Relator's writ application art. 11.07 under trial Ct. No. 967797-F was denied without a written order on the findings of the trial court without a hearing.

Relator filed a motion for reconsideration/rehearing under trial Ct. No. 967797-F with the Court of Criminal Appeals, and later received a white card dated 8-8-14 informing Relator that the mentioned motion was denied.

Furthermore, Relator also filed an emergency motion for leave to amend Relator's motion for reconsideration/rehearing under trial Ct. No. 967797-F, which Relator also received a white card dated 8-29-14 informing Relator that it to was denied from the Court of Criminal Appeals.

However, Relator filed another writ application art. 11.07 dated 10-27-14, under trial Ct. No. 967797 with Harris County District Clerk's Office. As a result! In the notification to Relator from Harris County District Clerk's office informing Relator that Harris County District Clerk's office received and filed Relator's writ application art. 11.07 under trial Ct. No.

967797-G, signed by Erin Bryan, Deputy Criminal Post Trial, Relator was informed that writ application art. 11-07 art. 11-07, under trial Ct. No. 967797-F, was allegedly, pending.

## III

Dewayne Marks Shelton, T.D.C.J. No. 1254161 is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro-se who can be located at the W.P. Clements Unit, 9601 Spur 591, Potter, Texas 79107.

Relator has exhausted his remedies and has no other adequate remedy at law.

The act ▓▓▓▓ sought to be compelled is ministerial, not discretionary in nature. T.C.C.P. Art. 11-07 Section (Sec.) 3 (C) require(s) Respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answer(s) filed, and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issue(s) to be resolved. No copy of the application for writ of habeas corpus, any answer(s) filed, and a certificate reciting the date upon which that finding was made have been transmitted to the court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by Respondent as required by statute, Relator would have received notice from the Court of Criminal Appeals.

## IV

Respondent, <u>Mr. Chris Daniels</u>, in his official capacity as District Clerk of Harris County, Texas has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to T.C.C.P. Art. 2.21 and is responsible under T.C.C.P. Art. 11.07 Sec. 3 (C) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answer(s) filed, and certification reciting the date upon which that finding was made if the convicting court decides there are no issue(s) to be resolved. <u>Mr. Chris Daniel</u>, District Clerk, Harris County may be served at his place of business at P.O. Box 4651 Houston,

Texas 77210.

## V

The Respondent violated Article 11.07 Section 3 (c) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for writ of habeas corpus, any answer (s) filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed law and within a reasonable time from the date on which the documents were requested to be transmitted.

Request for transmittal of the application for writ of habeas corpus, any answer(s) filed, and a certificate reciting the date upon which that finding was made by Relator to Mr. Chris Daniel, District Clerk, Harris County by U.S. Postal Services through W.P. Clements Unit's indigent program in letter(s) dated 12-30-14, 1-4-15, 1-6-15, ███████ and 1-8-15, pursuant to art. 11.07 Sec. 3 (c) of the Texas Code of Criminal Procedure. True and accurate copies of the above letter(s) are attached hereto as Exibits "A thru D, and are incorporated by reference herein for all purposes.

To date, Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for writ of habeas corpus, any answe (s) filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

As is clear from Relator's letter(s), Relator has repeatedly put Respondent on notice that Relator seeks the transmittal of a copy of the application for writ of habeas corpus, any answer(s) filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals, and that such records are required by the Court of Criminal Appeals to act on Relator's writ of habeas corpus. Relator has gone well and beyond any requirement or obligation imposed upon him by the Texas Code of Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure Article 11.07 Section 3 (c), is acting in bad faith, and has also failed to afford Relator the ⟶

the professional and common courtesy of any written responses to his correspondence and request.

Article 11.07 Section 3 (c) clearly states that if the convicting court decides that there are no such issue(s), the clerk shall immediately transmitt [emphasis added] to the Court of Criminal Appeals a copy of the application, any answer(s) filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding. Texas Code Criminal Procedure Article 11.07 Section 3 (c). Respondent is in violation of this procedure, ministerial duties, and thus the law of this state.

## VI

## Prayer For Relief

Wherefore, premises considered, Relator, Dewayne Marks Shelton, pro-se, respectfully request a finding that the Respondent did not transmitt documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an order directing Respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3 (c) of the Texas Code of Criminal Procedure and as requested in Relator's letters (Exibits A-D).

Respectfully Submitted

Date: 2-11-15       /s/ Dewayne Marks Shelton, # 1254161

## Declaration

I Dewayne Marks Shelton, T.D.C.J. I.D. No. 1254161, presently —

6 of 9

incarcerated at the W.P. Clements Unit, address: 9601 Spur 591, Potter County, Texas, zip code 79107 declare under penalty of perjury that to my knowledge the foregoing is true and correct.

Date: 2-11-15                    b/ _Dewayne Markr Shelton_ #1254161

## Certificate of Service

I certify that while this original Plaintiff's original Application for writ of Mandamus is being forwarded by U.S. Postal Services to the Court of Criminal Appeals of Texas, address: P.O. Box 12308, Capitol Station, Austin, Texas 78711, that a copy of the mentioned writ is being forwarded by U.S. Postal Services to Harris County District Clerk's Office addressed to Mr. Chris Daniel, Clerk, P.O. Box 4651, Houston, Texas 77210-4651. On this 11th day February month, 2015

                    b/ _Dewayne Markr Shelton_ #1254161

# Appendix

Letter to Mr. Chris Daniel, Clerk, Exibit-A

Letter to Mr. Chris Daniel, Clerk   Exibit-B

Letter to Mr. Chris Daniel, Clerk   Exibit-C

Letter to Mr. Chris Daniel, Clerk, Exibit-D

Exibit A

Dewayne Shelton
T.D.C.J. No. 1254161
9601 Spur 591
Amarillo, Texas 79107

Date: December 30th 2014

Mr. Chris Daniel, Clerk
Harris County District Clerk Office
P.O. Box 4651
Houston, Texas 77210 - 4651

RE: Writ Application Trial Court (Ct) No. 967797 - F

Mr. Chris Daniel,

    I'd like to know, have you forwarded my writ application trial Ct No. 967797-F to the ~~Criminal~~ Court of Criminal Appeals of Texas? If Not, will you please forward my writ application art. 11.07 Trial Ct. No. 967797-F to the Court of Criminal Appeals of Texas as required by Texas Code of Criminal Procedure Art.11.07 Section 3 (C) ~~immediately~~ please!

                              Sincerly
                              /S/ Dewayne Shelton # 1254161

<u>Continued Ground Twelve:</u> prosecutor's copy of the police officer's offense report. Mr. Clinton F. Greenwood read the alleged police offense to applicant. Applicant immediately informed Mr. Clinton F. Greenwood that he had never heard any of what was read to him before. Mr. Clinton F. Greenwood began to get hostile with applicant as applicant continued to complain, and as if applicant's concerns were irrelevant. Mr. Clinton F. Greenwood became so agitated with applicant that he referred to applicant as a nigger, wrote on the court order appointing him as applicant's defense attorney that applicant wants to see the judge, due to applicant making request to see the judge, which applicant wanted to do right at that moment, threw applicant's copy of the court order appointing him as applicant's attorney to applicant, through the bars on the floor, and walked out of the courtroom holdover for inmates. So applicant filed a ▓▓▓▓ grievance with the State Bar of Texas against Mr. Clinton F. Greenwood. Furthermore, to applicant's knowledge, because of these actions displayed by Mr. Clinton F. Greenwood, applicant was denied his right to an examining trial prior to being indicted cause applicant did not receive an indictment in cause No. 955981 until on or about date October 29th, 2003, alleging that applicant was indicted in cause No. 955981 on date October 10th, 2003. On date November 5th, 2003 applicant returned to the court only to find that a motion to withdraw hearing was being held due to motion to withdraw filed by Mr. Clinton F. Greenwood alleging conflict of interest due to grievance filed by applicant with the State Bar of Texas against Mr. Clinton F. Greenwood. At the motion to withdraw hearing Mr. Clinton F. Greenwood alleged that I used abusive profane language towards him saying something along the words that I called him a punk ass bitch and for him to suck applicant's dick, and Ect... Mr. Clinton F. Greenwood also had Ms. Sherra Miller at the motion to withdraw hearing to testify that the police offense report he read to applicant was the same police offense report she read to applicant which was not true cause Ms. Sherra Miller never read any of the police offense reports to applicant. Applicant later gave his complaint and the court granted Mr. Clinton F. Greenwood's motion to withdraw in cause No. 955981

Exibit B

Dewayne Shelton
T.D.C.J. No. 1254161
9691 Spur 591
Amorilla, Tx. 79107

Date: January 4th 2015

Harris County District Clerk's Office:
Mr. Chris Daniel, District Clerk
P.O. Box 4651
Houston, Texas 77210-4651

RE: Writ Application Trial Court (Ct.) No. 967797-F

Mr. Chris Daniel,

I'd like to know, has my writ application trial Ct. No. 967797-F been forwarded to the Court of Criminal Appeals of Texas? If not, will you forward the mentioned writ application to the Court of Criminal Appeals of Texas as required by Texas Code Criminal Procedure Article 11.07 Section 3 (C) please.

Sincerely
/s/ Dewayne Shelton

Exhibit C

Dewayne Shelton
T.D.C.J. ID. No. 1254161
9601 Spur 591
Amarillo, Tx. 79107

Date: January 6th 2015

Mr. Chris Daniel, Clerk
Harris County District Clerk's Office
P.O. Box 4651
Houston, Tx. 77210-4651

RE: Writ application Trial Court (ct.) No. 967797-F

Mr. Chris Daniel,

I'd like to know if whether or not my writ application under trial Ct. No. 967797-F has been mailed off to the Court of Criminal Appeals of Texas? If not, I'm requesting that you mail out my writ application under trial Ct. No. 967797-F to the Court of Criminal Appeals of Texas as required by Tex. Code Crim. Proc. Art. 11-07, Section 3 (c) please.

Sincerely

[s] Dewayne Shelton #1254161

# Exibit D

Dewayne Shelton
T.D.C.J. I.D. No. 1254161
9601 Spur 591
Amarillo, Tx. 79107

Date: January 8th, 2015

Mr. Chris Daniel, Clerk
Harris County District Clerk's Office
P.O. Box 4651
Houston, Tx. 77210 - 4651

RE: Writ Application Trial Court (Ct.) No. 967797-F

Mr. Chris Daniel,

    I'm writing to ask has my writ application under trial Ct. 967797-F been forwarded or mailed out to the Court of Criminal Appeals of Texas? If not, I'm requesting that you mail out my writ application under trial Ct. No. 967797-F to the Court of Criminal Appeals of Texas as required by Tex. Code Crim. Proc. Art. 11.07 Section 3 (C) please!

                    Sincerely
C/C              /S/ Dewayne Shelton

Cause No. 967797-F

In Re Dewayne Marks Shelton,
 T.D.C.J.-Id.-No.-1254161,
   Relator,

V.

Mr. Chris Daniel, Harris County District Clerk,
 In his Official Capacity,
   Respondent

In The
Court of Criminal Appeals
Austin, Texas

---

# Order

---

On this day came to be heard the foregoing Relator's Application for Writ of Mandamus and it appears to this court that the same should be;

   Granted _____    Denied _____

It is therefore ordered that the District Clerk shall immediately transmitt to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that transmittal was made.

Signed on this the ____ day of _____ month, 20 ___

_____
Presiding Judge(s) or Justice(s)